## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

MICHAEL A. LEWIS                        )
Individually and on Behalf of All       )
Others Similarly Situated               )
11472 East 27th Place        )
Yuma, AZ 85367                          )          Civil Action No.:
                                        )
    Plaintiffs,     )
                                        )
  v.                           )
                                        )
NEANY, INC.                             )
44010 Commerce Avenue                   )
Suite A                                 )
Hollywood, MD 20636                     )
                                        )
    Defendant.      )
_____)

## CLASS ACTION COMPLAINT AND COLLECTIVE ACTION COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Michael A. Lewis, individually and on behalf of all others similarly situated, by and through counsel, files this Complaint against Neany, Inc. ("Neany" or "Defendant Neany"). All allegations made in this Complaint are based on information and belief, except those allegations that pertain to the named Plaintiff, which are based on personal knowledge. Plaintiff Lewis' information and belief is based, *inter alia*, on the investigation made by and through counsel.

## NATURE OF THE CASE

1.      Defendant Neany is a defense contractor headquartered in Hollywood, Maryland. In addition to Maryland, it has operations in Arizona, Florida and Virginia.

2.      More specifically, Defendant Neany is dedicated to creating next generation tactical surveillance aeronautical solutions designed to support the war-fighter and protect and secure our homeland.  Upon information and belief, it focuses on military avionics systems, unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), surveillance and video/imagery solutions.  UAV are more commonly known as "drones."

3.      Defendant Neany employs a category of employee called UAV Logisticians ("Logisticians").  The Logisticians work with the UAV.

4.      Defendant Neany's policy and practice is to deny earned wages and overtime pay to its Logisticians.  Defendant Neany's failure to pay employees their earned wages and overtime compensation has been deliberate and violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arizona Minimum Wage Act, A.R.S. § 23-350, *et seq.* ("AMWA").

5.      The named Plaintiff and all other similarly situated persons are all current and former Logisticians who were/are not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed beyond the forty (40) hours per workweek, as required by federal and state wage and hour laws, for at least three (3) years prior to the filing of this action.  This lawsuit is brought as a collective action under the FLSA and as a class action under the AMWA to recover unpaid wages and overtime compensation owed to the named Plaintiff and all other similarly situated Logisticians of Defendant Neany.

## JURISDICTION AND VENUE

6.      The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Jurisdiction over this FLSA collective action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Plaintiff Lewis also brings this action on behalf of himself and all other similarly situated current and former Logisticians in Arizona as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the AMWA.  This Court has diversity jurisdiction over Plaintiff Lewis' state law claims pursuant to 28 U.S.C. § 1332.  This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

8.      Defendant Neany is subject to personal jurisdiction in this District as it maintains its principal place of business in this District, regularly does business throughout the State of Maryland, and employs the named Plaintiff and all other similarly situated employees through its headquarters in Maryland.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendant Neany resides in this District and because a substantial part of the events giving rise to the claims herein occurred in this District.


## PARTIES

10.     Plaintiff Lewis currently resides in Yuma, Arizona.  Though he performed services on behalf of Defendant Neany in Arizona, he was hired by Defendant Neany out of its Hollywood, Maryland headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Hollywood, Maryland headquarters.

11.     Plaintiff Lewis was a Logistician with Defendant Neany from in or about August 2013 until February 2015, when he was laid-off.

12.     Plaintiff Lewis was an "employee" of Defendant Neany as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to the AMWA.

13.     Upon information and belief, Defendant Neany is a corporation organized under the laws of the State of Maryland.   Defendant Neany maintains its headquarters/principal executive offices at 44010 Commerce Avenue, Suite A, Hollywood, Maryland 20636.

14.     Upon information and belief, Defendant Neany employed/employs and directed/directs the Logisticians out of its headquarters in Lexington Park, Maryland.

15.     Defendant Neany directs its Logisticians to perform services primarily in Arizona.

16.     Defendant Neany has been and is the "employer" of Plaintiff Lewis and all other similarly situated persons as that term is defined by Section 203 of the FLSA and by the AMWA.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17.     Pursuant to 29 U.S.C. § 207, Plaintiff Lewis seeks to prosecute the FLSA claims as a collective action on behalf of himself and all similarly situated persons who are and/or were formerly employed by Defendant Neany since July 15, 2012 (the "Look Back Period").   As explained below, these current and former Defendant Neany employees did not receive any wages for certain hours which they have worked as Logisticians at Defendant Neany, and they did not receive required overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed during the Look Back Period.

18.     Plaintiff Lewis brings Count II of this Complaint under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of all persons who have worked for Defendant Neany as Logisticians in Arizona between July 15, 2012 and the date of final judgment in this matter (the "Arizona Class").

19.     The persons in the Arizona Class are so numerous that joinder of all similarly situated persons/class members would be impracticable.  The precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendant Neany.    Upon information and belief, however, there are approximately twenty to twenty-five (20 – 25) potential members of the collective action/class action, which includes the Arizona Class, who were or are employed by Defendant Neany during the Look Back Period, most of whom would not be likely to file individual lawsuits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

20.     The claims of Plaintiff Lewis are typical of the claims of the Arizona Class he seeks to represent.  Plaintiff Lewis and the Arizona Class members work or have worked for Defendant Neany and have been subjected to its policy and pattern or practice of failing to pay overtime wages for work in excess of forty (40) hours per workweek.  Defendant Neany acted or refused to act on grounds generally applicable to the Arizona Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Arizona Class as a whole.

21.     Count II of this Complaint is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the members of the action which predominate over questions that may affect only individual members because Defendant Neany has acted on grounds and applied policies applicable to all members.    Among the

questions of law and fact common to the named Plaintiff and all other similarly situated persons are, *inter alia*:

  a. whether Defendant Neany misclassified the exemption status of the named Plaintiff and all other similarly situated persons;

  b. whether Defendant Neany has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and the AMWA;

  c. whether Defendant Neany failed to pay the named Plaintiff and all other similarly situated persons wages for all hours worked as well as proper overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, the regulations promulgated thereunder, and the AMWA;

  d. whether Defendant Neany failed to include work travel time in the computation of hours worked for the named Plaintiff and all other similarly situated persons;

  e. whether Defendant Neany failed to pay the named Plaintiff and all other similarly situated persons wages and proper overtime compensation for compensable travel time;

  f. whether Defendant Neany disallowed or prohibited time entries to be made by the named Plaintiff and all other similarly situated persons;

  g. whether Defendant Neany improperly paid/pays the named Plaintiff and all other similarly situated persons based on time periods other than their workweeks;

  h. whether Defendant Neany failed to keep accurate and complete time records for all hours worked by the named Plaintiff and all other similarly situated persons;

  i. the nature and extent of the Arizona Class-wide injury and the appropriate measure of damages for the Arizona Class;

j.      whether Defendant Neany's violations of the FLSA and the AMWA have been willful or with reckless disregard of the statutes;

k.      whether Defendant Neany is liable for all damages claimed herein including, but not limited to, compensatory, liquidated, and treble damages, interest, costs, and attorney's fees; and

l.      whether Defendant Neany should be enjoined from violations of the FLSA and the AMWA in the future.

22.      Plaintiff Lewis will fairly and adequately protect the interests of the putative class and has retained counsel who is experienced and competent in the fields of employment law and collective action/class action litigation such as this.  Plaintiff Lewis has no interests that are contrary to or in conflict with the putative class.

23.      Plaintiff Lewis and the putative class members have a commonality of interest in the subject matter and the remedies sought.

24.      A collective action and class action are superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where the individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25.      Furthermore, because the damages suffered by each similarly situated person are relatively small compared to the substantial expense and burden of litigation, it would be virtually impossible for any former or current employee of Defendant Neany affected by Defendant Neany's unlawful pay practices to pursue relief under the FLSA and the AMWA other than as part of a collective action and class action.

26.     The named Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action/class action.

27.     If individual actions were required to be brought by each member of the putative class injured or affected, the result would be a multiplicity of actions, creating a hardship to the named Plaintiff, the putative class members, Defendant Neany, and the Court.

28.     The members of the Arizona Class have been damaged and are entitled to recovery as a result of Defendant Neany's common and uniform policies, practices, and procedures.

**STATEMENT OF FACTS**

29.     Upon information and belief, during the Look Back Period, Defendant Neany has improperly classified the named Plaintiff and other similarly situated Logisticians as "exempt" from the requirements of the FLSA and the AMWA, thereby denying these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA and the AMWA.

30.     In the alternative, if during the Look Back Period, Defendant Neany has classified the named Plaintiff and other similarly situated Logisticians as "non-exempt" from the requirements of the FLSA and the AMWA, it has willfully failed to pay these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA and the AMWA.

31.     Upon information and belief, Logisticians are deemed to be employed by Defendant Neany out of Maryland and their primary work activities for the company are

managed and directed by Defendant Neany from its corporate headquarters in Lexington Park, Maryland.

32.     Though the Logisticians are hired by Defendant Neany out of its Maryland headquarters, they may perform services on behalf of Defendant Neany in other states at the sole direction of Defendant Neany.   These other states include Florida, Virginia, and primarily Arizona.

33.     The Logisticians routinely work more than forty (40) hours per workweek with the knowledge, permission, and mandate of their superiors and management at Defendant Neany.

34.     Defendant Neany maintains nationwide policies and patterns or practices that violate the rights of the named Plaintiff and all other similarly situated persons under the FLSA and the AMWA.

35.     As part of its regular business practice, Defendant Neany has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the AMWA.  This policy and pattern or practice includes, but may not be limited to:

a.     willfully misclassifying the named Plaintiff and all other similarly situated persons as exempt from the requirements of the FLSA;

b.     willfully failing to include in the computation of hours worked the time spent by the Logisticians traveling for work;

c.     in workweeks during which more than forty (40) hours were/are worked, not paying the Logisticians at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for the work performed beyond the forty (40) hours per workweek as required by the FLSA and the AMWA;

d.      telling the Logisticians they would only be paid for forty (40) hours per workweek even though more than forty (40) hours per workweek were/are worked;

e.      willfully failing to tell the Logisticians to record their hours worked as required by the FLSA and the AMWA;

f.      willfully failing to maintain any form of time-recording or time-keeping system as required by the FLSA and the AMWA;

g.      willfully failing to keep payroll records as required by the FLSA and the AMWA;

h.      willfully failing to pay the UAV Logisticians based on hours worked in each workweek as that term is defined by the FLSA and the AMWA; and

i.      failing to maintain the proper, accurate, and complete documentation and records including the Logisticians' work travel time and full amount of hours worked on a daily and weekly basis as required by the FLSA and the AMWA.

36.     Upon information and belief, Defendant Neany's unlawful conduct detailed in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws, including the AMWA.

37.     The named Plaintiff and all other similarly situated persons suffered injury and were negatively affected in a similar fashion as a result of the above-described policies of Defendant Neany.

38.     Upon information and belief, Defendant Neany has committed the above-described federal and state wage and hour law violations as a result of its own improper classification of the named Plaintiff and all other similarly situated persons as "exempt," when they should have been classified as non-exempt under the FLSA.

39.     The named Plaintiff and all other similarly situated persons do not fit into any exemption under the FLSA and, therefore, any classification of these employees as exempt from overtime compensation is improper and violates the FLSA and the AMWA.

40.     The Logisticians' primary job duty is to support the department with all logistical needs.  In so doing, the majority of the Logisticians' work time involves extraordinarily long work hours and the performance of routine, manual tasks to provide support for the detachments, and to simply keep track of parts and stock.  More specifically, the Logisticians:

    a.      order parts for the UAV and issue stock for the UAV;

    b.      review orders placed by UAV Technicians who work on the UAV and maintain accountability of inventory levels;

    c.      maintain security of inventory for the UAV;

    d.      prepare UAV parts for shipping;

    e.      prepare shipping documents and repair cards for parts; and

    f.      show the Technicians who work on the UAV how to record parts taken from inventory and how to record maintenance on the UAV.

41.     The Logisticians are directed and managed by a Program Manager who is located in Yuma, Arizona.

42.     Logisticians do not manage the enterprise.

43.     Logisticians do not customarily or regularly supervise or direct the work of other full-time employees of Defendant Neany, nor do they have any authority to hire or fire other employees.

44.     Logisticians do not perform office or non-manual work directly related to the management or general business operations of Defendant Neany.

45.     Logisticians' primary duty does not include the performance of work requiring advanced knowledge (defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment). Knowledge possessed by the Logisticians and utilized for their work is not in a field of science or learning, nor is it acquired by a prolonged course of specialized intellectual instruction.

46.     Logisticians do not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field. Further, Logisticians' primary duty does not include the design, development, and/or creation of computer systems or programs.   Only a minimal percentage of the Logisticians' work time involves working with or on computers.

47.     Defendant Neany has intentionally and repeatedly misrepresented the true nature of compensation to the named Plaintiff and all other similarly situated persons, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and their entitlement to receive full wages and overtime compensation for their work. Upon information and belief, those actions were deliberately taken to avoid any questions by the named Plaintiff and all other similarly situated persons regarding their entitlement to fair and full compensation for their work. The named Plaintiff and all other similarly situated persons relied upon Defendant Neany's misrepresentations. As a direct and proximate result, the named Plaintiff and all other similarly situated persons were unable to determine their true status under the FLSA and the AMWA by the exercise of reasonable diligence.

48.     There are numerous other similarly situated employees and former employees of Defendant Neany who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present action and the

opportunity to join the present action.   Those similarly situated employees are known to Defendant Neany and are readily identifiable and locatable through its records.   All employees and former employees who have been employed by Defendant Neany as Logisticians and who were not performing duties that qualified them to be exempt from the FLSA's requirement of overtime pay for work in excess of forty (40) hours per workweek, would benefit from Court-supervised notice and an opportunity to join the present action and should be so notified.

49.     Defendant Neany has engaged in a widespread pattern and practice of violating the provisions of the FLSA and the AMWA by failing to pay the named Plaintiff and all other similarly situated persons in accordance with those laws.

50.     As a direct and proximate result of Defendant Neany's violations of the FLSA and the AMWA, the named Plaintiff and all other similarly situated persons have suffered damages by failing to receive compensation to which they were entitled pursuant to those laws.

## COUNT I

## FAIR LABOR STANDARDS ACT

### (COLLECTIVE ACTION)

51.     The named Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as though fully set forth herein.

52.     Defendant Neany engaged and continues to engage in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

53.     At all times relevant hereto, Defendant Neany is and has been an "employer" of the named Plaintiff and all other similarly situated persons within the meaning of § 203(d) of the FLSA.

54.     At all times relevant hereto, Defendant Neany is and has been an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

55.     At all times relevant hereto, Defendant Neany employed and/or continues to employ the named Plaintiff and all other similarly situated persons within the meaning of the FLSA.

56.     At all relevant times hereto, upon information and belief, Defendant Neany has had gross revenues in excess of $500,000.00.

57.     The named Plaintiff consents in writing to be a party plaintiff to this action pursuant to § 216(b) of the FLSA.  The named Plaintiff's written Consent Form is attached hereto and incorporated by reference.

58.     Because Defendant Neany willfully violated the FLSA by misclassifying the named Plaintiff and all other similarly situated persons, a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

59.     Defendant Neany has willfully and intentionally engaged and continues to engage in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Logisticians as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of current and former Logisticians, including the named Plaintiff and all other similarly situated persons, in accordance with § 206 and § 207 of the FLSA.

60.     At all times relevant hereto, Defendant Neany had and has a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to the named

Plaintiff and all other similarly situated persons for their hours worked in excess of forty (40) hours per workweek.

61.     At all times relevant hereto, Defendant Neany had and has a policy and practice of requiring the named Plaintiff and all other similarly situated persons to perform non-exempt duties without proper compensation and overtime compensation.

62.     As a result of Defendant Neany's willful failure to compensate its employees, including the named Plaintiff and all other similarly situated persons, at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant Neany has willfully violated, and continues to willfully violate the FLSA.

63.     As a result of Defendant Neany's failure to record/report the full amount of time the named Plaintiff and all other similarly situated persons worked/work and to compensate them for such time, Defendant Neany has failed to make, keep, and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

64.     As a result of Defendant Neany's FLSA violations as detailed above, the named Plaintiff and all other similarly situated persons have suffered damages by being denied full wages and/or overtime compensation in accordance with the FLSA.

65.     Defendant Neany has not made a good faith effort to comply with the FLSA with respect to its compensation of the named Plaintiff and all other similarly situated persons.

66.     As a direct and proximate result of Defendant Neany's unlawful acts, the named Plaintiff and all other similarly situated persons have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, interest, costs, attorney's fees, and other compensation pursuant to the FLSA.

## COUNT II

## ARIZONA MINIMUM WAGE ACT

## (CLASS ACTION)

67.     The named Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as though fully set forth herein.

68.     Defendant Neany engaged and continues to engage in a widespread pattern, policy, and practice of violating the AMWA, as detailed in this Complaint.

69.     At all times relevant hereto, the named Plaintiff and the members of the Arizona Class have been "employees" within the meaning of the AMWA, and are covered by the AMWA.

70.     At all times relevant hereto, Defendant Neany is and has been an "employer" of the named Plaintiff and the members of the Arizona Class within the meaning of the AMWA, and is covered by the AMWA.

71.     At all times relevant hereto, Defendant Neany employed and/or employs the named Plaintiff and the members of the Arizona Class within the meaning of the AMWA.

72.     The named Plaintiff, on his own behalf and on behalf of the Arizona Class, brings this state law class claim pursuant to the AMWA for Defendant Neany's failure and refusal to pay the named Plaintiff and the members of the Arizona Class all their earned wages and overtime compensation, at the rates agreed to by the parties.

73.     During the course of his employment with Defendant Neany, the named Plaintiff was not compensated for all time worked in certain workweeks.

74.     Other members of the Arizona Class have not been compensated for all time worked in certain workweeks.

75.     The named Plaintiff represents current and former Logisticians in Arizona who have not been paid for all their earned wages and overtime compensation, at the rates agreed by the parties, in the past three years, through and including the present.  The named Plaintiff and the members of the Arizona Class were and are entitled to be compensated for all time they worked/work at the rates agreed to by the parties.

76.     Defendant Neany's failure to pay the named Plaintiff and the members of the Arizona Class for all earned wages and overtime compensation, at the rates agreed to by the parties, has been willful and is in violation of the AMWA.

77.     At all times relevant hereto, in violation of the AMWA, Defendant Neany had and has a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to the named Plaintiff and the members of the Arizona Class for their hours worked in excess of forty (40) hours per workweek.

78.     At all times relevant hereto, in violation of the AMWA, Defendant Neany had and has a policy and practice of requiring the named Plaintiff and the members of the Arizona Class to perform non-exempt duties without proper compensation and overtime compensation.

79.     As a result of Defendant Neany's willful failure to compensate its employees, including the named Plaintiff and the members of the Arizona Class, at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant Neany has willfully violated, and continues to violate the AMWA.

80.     As a result of Defendant Neany's failure to record/report the full amount of time the named Plaintiff and the members of the Arizona Class worked/work and to compensate them

for such time, Defendant Neany has failed to make, keep, and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the AMWA.

81.     As a result of Defendant Neany's AMWA violations as detailed above, the named Plaintiff and the members of the Arizona Class have suffered damages by being denied full wages and/or overtime compensation in accordance with the AMWA.

82.     The wages withheld from the named Plaintiff and the members of the Arizona Class were not withheld as a result of a good faith dispute.

83.     As a direct and proximate result of Defendant Neany's unlawful acts, the named Plaintiff and the members of the Arizona Class have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, treble damages, interest, costs, attorney's fees, and other compensation pursuant to the AMWA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael A. Lewis, individually and on behalf of all other similarly situated persons, prays for the following relief:

(A)     certification of this action as a collective action brought pursuant to § 216(b) of the FLSA;

(B)     certification of this action as a class action for the state law claims set forth in Count II;

(C)     a determination that the practices, policies, and patterns complained of herein are unlawful under the FLSA and the AMWA;

(D)     an injunction against Defendant Neany from engaging in each of the unlawful practices, policies, and patterns complained of herein, including enjoining Defendant Neany from classifying the named Plaintiff and all other similarly situated persons as exempt under the FLSA;

(E)     a designation of the named Plaintiff as a Class Representative;

(F)     at the earliest possible time, an Order that Defendant Neany be required to give notice, or that the Court issue such notice, to all Neany employees in all locations within the United States and Puerto Rico during the three (3) years immediately preceding the filing of this action, who are or may be similarly situated to the named Plaintiff, informing them that this action has been filed, describing the nature of the allegations, and advising them of their right to opt-into this action if they worked at Defendant Neany but were not paid proper wages and/or full overtime pay and benefits pursuant to § 216(b) of the FLSA;

(G)     an award of damages, in an amount to be determined at trial, including unpaid back-end and front-end wages as well as liquidated damages pursuant to the FLSA and regulations of the United States Department of Labor promulgated pursuant to the FLSA;

(H)     an award of damages, in an amount to be determined at trial, including unpaid back-end and front-end wages pursuant to the AMWA;

(I)     an award of damages, in an amount of an additional three times the amount of wages due as provided for in the AMWA;

(J)     penalties available under applicable law;

(K)     pre- and post-judgment interest, as provided by law;

(L)     reasonable attorney's fees and costs of suit, including expert fees; and

(M)     such other legal and equitable relief as this Court may deem just and proper.

19

## DEMAND FOR JURY TRIAL

Plaintiff Michael A. Lewis demands a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated:   July 15, 2015                                    Respectfully submitted,

                                                                    _____/s/_____
                                                                    Jeffrey R. Bloom
                                                                    (Bar No. 18013)
                                                                    751 Rockville Pike
                                                                    Suite 11-B
                                                                    Rockville, MD 20852
                                                                    Dir. Tel: (443) 691-7930
                                                                    Ofc. Tel: (202) 265-7755
                                                                    Facsimile: (240) 235-4418

*Of-Counsel*

Peter R. Rosenzweig
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (267) 443-4120
Facsimile:  (215) 568-0140

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Neany, Inc. and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.


Date:  6-29-15

MICHAEL A. LEWIS
Printed Name


Signature